UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTELL D. WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16-1187-SLD |
| | ) |
| TANNER BOYLE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This cause is before the Court on Defendant Tanner Boyle's motion for summary judgment on the issue of exhaustion of administrative remedies. Boyle is entitled to the summary judgment that he seeks because Plaintiff Martell D. Ward failed to exhaust his administrative remedies prior to filing this suit. In addition, this case is dismissed because Ward failed to keep the Court apprised of his current address as required by Local Rule 16.3(K).

## BACKGROUND

During the relevant time, Ward was an inmate at the McLean County Jail ("the Jail") in Bloomington, Illinois. Upon his arrival at the Jail, Jail officials provided Ward with a copy of the Jail's "Inmate Information and Orientation Handbook." In addition to other things, the Handbook explained the grievance procedures that an inmate must follow if he has a complaint, issue, or problem at the Jail.

Under the Jail's rules and regulations, if an inmate had an complaint, issue, or problem at the Jail, the inmate was required to file a grievance within five days of the incident that formed the basis for his grievance. In total, the Jail maintained a five step grievance process in order to exhaust the inmate's administrative remedies.

1

On June 2, 2016, Ward filed the instant case under 42 U.S.C. § 1983 alleging that Boyle violated his Constitutional rights when Boyle performed a strip search of Ward in a manner designed to humiliate him. Thereafter, the Court conducted a merit review of Ward's Complaint, that is required by 28 U.S.C. § 1915A, and determined that his Complaint stated a claim against Boyle for violating his Fourteenth Amendment rights based upon Boyle's inappropriate search. Boyle has now moved for summary judgment on the issue of Ward's failure to exhaust his administrative remedies prior to filing this suit.

## STANDARD GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel,* 728 F.3d 7314, 734 (7th Cir. 2013)(internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261 (Brennan, J., dissenting)(1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

## STANDARD GOVERNING EXHAUSTION

The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."); *Dole v. Chandler*, 43 F.3d 804, 809 (7th Cir. 2006).

No futility, sham, or substantial compliance exception exists to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Massey*, 259 F.3d at 646 (inmate alleging failure to repair a hernia timely must exhaust administrative remedies even though surgery was performed and only

money damages claim remained); *Booth v. Churner*, 532 U.S. 731, 736-37 (2001)(the PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken). Likewise, the exhaustion requirement includes claims that only seek equitable relief. *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995).

Exhaustion means properly and timely taking each step in the administrative process established by the applicable procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars a § 1983 suit). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

If issues of fact exist in determining whether an inmate has exhausted his administrative remedies, a judge should hold a hearing and resolve these factual disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary hearing. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011).

If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *Pavey*, 544 F.3d at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether: (a) the plaintiff has unexhausted remedies, and so he must go back and

exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. *Id.* No evidentiary hearing is necessary, however, if there are "no disputed facts regarding exhaustion" and "only a legal question" is presented. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

## WARD FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Boyle has submitted evidence to the Court that Ward did not properly exhaust his administrative remedies prior to filing this suit. *First*, the Jail's administrative remedies require an inmate to file his grievance within five days of the incident that forms the basis for the grievance. Ward alleged that Boyle inappropriately strip searched him on April 27, 2016. However, Ward did not file a grievance regarding this incident until May 19, 2016. Boyle has submitted evidence showing that this is the only grievance submitted by Ward against Boyle. Because the grievance was untimely, Ward did not properly exhaust his administrative remedies prior to filing this suit.

*Second*, the Jail's administrative remedies provides for a five-step grievance process. The final step in the grievance process provides for an appeal to be submitted to the McLean County Sheriff for consideration and determination. Ward did not complete the grievance process in that he only submitted a grievance (albeit untimely), but he never submitted any appeal of the denial of that grievance. Ward did not complete the other four steps. Ward never submitted an appeal to the Sheriff, and he never obtained a final adjudication on his grievance from the Sheriff.

5

Ward has not filed a response to Boyle's motion even though the Court provided a notice to him explaining the consequences for failing to file a response. Because there is no evidence with which to create a genuine issue of fact as to whether Ward exhausted his administrative remedies before filing this suit, this case must be dismissed.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*. Ward did not take each step in the administrative process. Therefore, Ward cannot proceed on his claim in this case.

Finally, the Court has received mail that it sent to Ward returned by the United States Postal Service as undeliverable. Local Rule 16.3(K) requires pro se litigants to keep the Court informed of his current address. If the pro se litigant fails to do so, the Local Rule provides for dismissal of the case. Accordingly, this case is also dismissed based upon Ward's failure to keep the Court informed of his current address as required by Local Rule 16.3(K).

**IT IS, THEREFORE, ORDERED:**

**1.     Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies [18] is GRANTED. The Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the Parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

**2.     If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

3.      If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 18th day of November, 2016

                                        _____s/ Sara L. Darrow_____
                                            SARA L. DARROW
                                        UNITED STATES DISTRICT JUDGE